UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM BRADFORD,                )
                                 )
              Plaintiff,         )
                                 )
         v.                      )     Case No.    4:05CV41 FRB
                                 )
JAMES PURKETT, et al.,           )
                                 )
              Defendants.        )

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff William Bradford's Motion for Appointment of Counsel [Doc. #25]. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and Missouri state law after being granted leave to proceed in the cause in forma pauperis. Plaintiff now seeks the appointment of counsel to assist him with his claims. In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

Plaintiff is a civilly committed resident of the Missouri Sexual Offender Treatment Center (MSOTC). In the instant cause, Plaintiff contends that while incarcerated with the Missouri Department of Corrections, he was denied psychiatric treatment for a five-year period and that in the absence of such treatment, he continued in his mental health condition and was unable to control his behavior, which resulted in his indefinite civil commitment as a sexually violent predator.

The factual circumstances of this case are not complex. A review of Plaintiff's Complaint and subsequent filings in this cause shows Plaintiff to be able to investigate crucial facts. Plaintiff has adequately identified the circumstances giving rise to his claims and the bases upon which he contends he is entitled to relief. As to whether conflicting testimony exists in this case, the undersigned notes that the time for filing summary judgment motions has not yet passed. Whether and to what extent conflicting testimony exists with respect to the substance of Plaintiff's claims will be evident upon further proceedings in the cause. Finally, the complexity of the legal issues does not merit an appointment of counsel at this time. As set out above, Plaintiff claims that the Defendants' deliberate indifference to his serious medical needs resulted in his unlawful civil commitment. Such matters do not involve overly complex issues of law.

To the extent Plaintiff contends in the instant motion

that his present mental condition requires the appointment of counsel under Eighth Circuit precedent, Plaintiff's argument is misplaced. Contrary to Plaintiff's assertion, in <u>Drone v. Hutto</u>, 565 F.2d 543 (8th Cir. 1997), the Eighth Circuit did not mandate court-appointed counsel for <u>pro</u> <u>se</u> plaintiffs suffering from a mental disease. Instead, the Eighth Circuit suggested that the district court reconsider appointment of counsel on remand because the plaintiff's mental disease had not been fully presented to the district court during the first trial. <u>Id.</u> at 544-45. In the context of this case, Plaintiff's mental state has been considered as part of the Court's determination as to whether Plaintiff would substantially benefit from the appointment of counsel. The Court takes judicial notice that plaintiff Bradford has represented himself in at least fifteen other cases in this Court and remains capable of representing himself in this action as demonstrated by the nature of Plaintiff's filings thus far. Further, as set out above, the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff William Bradford's Motion for Appointment of Counsel [Doc. #25] is denied without prejudice.

_Frederick R. Buckles_

UNITED STATES MAGISTRATE JUDGE


Dated this _24th_ day of May, 2006.